IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION



2:23-cv-008

CHRISTOPHER COBB,

V

WARDEN JEFFRY FIKES

PETITION FOR HABEAS CORPUS RELIEF PURSUANT TO 28 USC § 2241

Comes Now, Christopher Cobb, proceeding Pro Se, to request a Writ of Habeas Corpus be issued pursuant to 28 USC § 2241; declaring that the First Step Act's List of Excluded Offenses (Codified at 18 USC § 3632(d)(4)(A), (B), (C), & (D) et seq) is Unconstitutional, both on its face and as applied to Cobb as said list violates the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments, under the "irrebuttable presumption" doctrine.

I. JURISDICTION OF THE INSTANT MATTER

A) Vehicle and Venue

28 USC § 2241 relief is available to a prisoner when he challenges the continuation or execution of an initially valid confinement - see McCarthan v Goodwill Indus-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir 2017); see also Antonelli v Warden, USP Atlanta, 542 F.3d 1348, 1351-52 (11th Cir 2008); United States v Jordan, 915 F.2d 622, 629 (11th Cir 1990); and Bishop v Reno, 210 F.3d 1295, 1304 n. 14 (11th Cir 2000) (Petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for §2241). See also Preiser v Rodriguez, 411 US 475, 93 S.Ct. 1827, 1829, 36 L.Ed 2d 439 (1973).

As this case involves the earning, awarding and application of "Time Credits", this case should be seen as being properly before this Court's jurisdiction over the instant matter. Additionally, the instant matter concerns statutory construction, as Cobb is challenging the statute itself.

B) Standing To Challenge The Facial Constitutionality Of A Statute

Article III of the Constitution limits the federal courts to deciding "cases" and "controversies." U.S. Const. art. III, § 1. This means that any Petitioner must satisfy the requirements of standing - Corbett v Transp. Sec. Admin., 930 F.3d 1225, 1232 (11th Cir 2019) (citing Lujan v Defs. of Wildlife, 504 US 555, 560-61 (1992)). "The plaintiff bears the burden of establishing each element" of standing - Cordoba v DIRECTV, LLC, 942 F.3d 1259, 1268 (11th Cir 2019).

The three prerequisites for standing are that: 1) the plaintiff has suffered an "injury in fact" - an invasion of a judicially cognizable interest, which is a) concrete and particularized, and b) actual or imminent, not conjectural or hypothetical; 2) there be a causal connection between that injury and the conduct complained of - the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and 3) it be likely, not merely speculative, that the injury will be redressed by a favorable decision.

Respondent should concede that Cobb has met the burden to challenge 18 USC § 3632(d)(4)(D)(xli) due to "injury in fact" and the presence of a causal connection with that subchapter; but will likely go on to state that 1) he cannot establish these factors with respect to the larger section (D)'s facial unconstitutionality, and that he cannot meet the "redressability requirement". To this Cobb states that 1) the facial unconstitutionality of 18 USC § 3632(d)(4)(D)'s command to exclude prisoners by category from the liberty interest granted by Congress' mandate in §3632(d)(4) is the direct cause of his injury, not merely the inclusion of his charge on the list and 2) that declaring the command to exclude unconstitutional would allow for his "eligibility" for the Time Credits - which is the protected "liberty interest" at issue here. As such, should Cobb be able to show that 18 USC § 3632(d)(4) creates a liberty interest, and that this liberty interest has been denied him without due process - he will have also satisfied the standing requirement to challenge the faciality of the creation of the "exclusion" class of prisoner.

## II. ADMINISTRATIVE EXHAUSTION

A) The Instant Case Should Be Deemed To Fall Under An Exception To The Administrative Remedy Requirement

Generally, a federal prisoner must exhaust administrative remedies before seeking habeas relief in federal court under 28 USC § 2241. See Santiago-Lugo v Warden, 785 F.3d 467, 475 (11th Cir 2015) (quoting Skinner v Wiley, 355 F.3d 1293, 1295 (11th Cir 2004)) But this requirement is not jurisdictional - Santiago-Lugo, 785 F.3d at 475: "[t]he exhaustion requirement is still a requirement, it's just not a jurisdictional one."

Exceptions to this requirement, however, exist in "extraordinary circumstances" and a petitioner bears the burden of demonstrating the futility of administrative review - see James v United States, 168 F App'x 356, 359 (11th Cir 2006) (per curiam) (quoting Fuller v Rich, 11 F.3d 61, 62 (5th Cir 1994) (per curiam)).

The Eleventh Circuit has suggested that exhaustion may be excused where "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of court action" - Shorter v Warden, 803 F App'x 331, 336 (11th Cir 2020) (quoting McCarthey v Madigan, 503 US 140, 146-47 (1992)). This occurs if the prisoner can show "irreparable harm if unable to secure immediate judicial consideration of his claim," Id (quoting McCarthy, 503 US at 147). And the immediate harm standard has been seen to be met when a prisoner asserts a claim that is one of statutory construction, and when exhaustion of remedies would be wholly futile; see, e.g. Goodman v Ortiz, 2020 WL 5015613, at *2 (D.NJ Aug 25, 2020) (concerning statutory construction); and Zapata-Molina v Stone, 2021 US Dist LEXIS 122600, at *4-5 (S.D. Ga June 21, 2021) (discussing existence of an open question as to whether futility would excuse exhaustion under 11th Circuit caselaw in relation to §2241).

In the instant case, Cobb asserts that he is presenting a claim that involves statutory construction, based upon the unconstitutionality of the "exclusion" portion of the First Step Act's access to the Time Credits. Since this is a challenge to the constitutionality of a statute, in this instance, administrative remedy would be wholly futile as the Bureau cannot declare a statute or portion of a statute unconstitutional - it has no jusrisdiction over the matter at hand.

As previously stated above, exceptions to administrative remedy exhaustion exist in the context of a §2241 Petition. In addition to the presented caselaw there, Cobb presents now Patsy v Florida Int'l Univ, 634 F.2d 900, 903-04 (5th Cir. Jan. 22, 1981) (Exceptions to administrative remedy are appropriate where administrative remedy is unavailable, or wholly inappropriate, or where the attempt to exhaust would itself be a patently futile course of action). Again, Cobb asserts that the Bureau of Prisons **cannot** declare any portion of any statute to be unconstitutional - as the instant Petition is a challenge to the Constitutionality of a **statute**, not a regulation, administrative remedy is "wholly inappropriate to the relief sought" and any "attempt to exhaust would itself be a patently futile course of action." Accordingly, exhaustion here is due to be excused, as whether a statute is unconstitutional is clearly an issue of statutory construction - see Weinberger v Salfi, 422 US 749, 765 (1975) ("Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a

record which is adequate for judicial review. Plainly these purposes have been served...[when]... the only issue is the constitutionality of a statutory requirement, <u>a matter which is beyond [the agency's] jurisdiction to determine</u>..." (emphasis added). Accordingly, administrative remedy in this instance is due to be excused under binding Supreme Court precedent.

## III. THE LIST OF EXCLUSIONS IN THE FIRST STEP ACT VIOLATES "IRREBUTTABLE PRESUMPTION" DOCTRINE

A Liberty Interest may arise from either the Due Process Clause or statute - see <u>Hewitt v. Helms</u>, 459 US 460, 466 (1983).

### A) A Protected Liberty Interest Exists In the Earned Time Credits

18 USC § 3632(d)(4)(A) states:

"(A) IN GENERAL - A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, **shall earn** time credits as follows:

'(i) A prisoner **shall earn** 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

'(ii) A prisoner determined by the Bureau of Prisons to be at a minimum of low risk of recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivsm, **shall earn** an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivsm programming or productive activities." (emphasis added).

Due to the use of the term "shall earn", the Bureau has no discretion to deny any prisoner, or to grant any prisoner, Time Credits under the FSA. The "eligibility" or "ineligibility" is entirely spelled out in the statute. The Bureau seems to have discretion to determine what constitutes "evidence-based recidivism reduction programming" (EBRR) and "productive activites" (PAs), but this discretion is an illusion. The requirement that the Bureau use "evidence-based" programming means that it is the <u>data</u> that determines a program's eligibility for inclusion on that list (see 18 USC § 3635(3)(A) and (B), with a list of examples in (3)(C)), and the extremely broad nature of "productive activities" has been recognized by the Bureau as including nearly any possible activity that a prisoner could lawfully participate in - see P5410.01(3)(b) which includes such broad categories as "free-time activities" and "Family interaction" among others. As this Program Statement is implementing 28 CFR § 523.41, this is necessarily also the official position of the Department of Justice. Accordingly, so long as Cobb receives no disciplinary reports, he would be earning Time Credits absent his "exclusion" under subparagraph (D). In addition to this, Cobb has participated in UNICOR employment previously, and has earned a "college correspondence" degree as a Paralegal, with his

advanced certification in Criminal Law (See Exhibits 1, and 2), totaling more than two years worth of EBRR - which but for the "ineligible" status, would earn Cobb more than a years worth of "Time Credits," with the Bureau's discretion never entering into the picture. Accordingly, this Court should find that he has met his burden of "redressability" - but just in case, he presents also that he participates in his "institution work program[]" which also counts as a "productive activity" see Exhibit 1, p 1 "Current Work Assignment". The Time Credits themselves being the "liberty interest at issue, this Court should find that release is not a requirement to succeed here.

The instant "case or controversy" is quite analogous to a liberty interest created under mandatory language for presumed parole in a parole statute - see Board of Pardons v Allen, 482 US 369, 377 (1987) (a presumption that parole will be granted creates a liberty interest); Kentucky Dep't of Corr. v Thompson, 490 US 454, 463, 109 S.Ct. 1904, 1910 (1989) ("specified substantive predicates" and "explicitly mandatory language" create a liberty interest in a parole proceeding by statute); and Olim v Wakinekona, 461 US 238, 249 (1983) (when a statute places "substantive limitations on [the BOP's] official discretion" it has created a liberty interest).

As in the cases above, the First Step Act of 2018's mandatory language as cited above and in 18 USC § 3632(d)(4)(C) concerning the Time Credits' application ("Time Credits earned...**shall be applied toward time in prerelease custody or supervised release**")(emphasis added) create the same type of liberty interest discussed in Allen, Thompson, and Olim. In point of fact, Allen was granted the liberty interest on substantially the same grounds as discussed here concerning the FSA's Time Credits. So Cobb avers now that the Time Credits Scheme in question should be viewed as a boardless parole statute that grants a liberty interest in the Time Credits through the use of mandatory language that requires both the awarding and the application of these credits, as long as "substantive predicates" are met by the prisoner in question and that discretion by the BOP does not enter the situation until AFTER the Time Credits are awarded; and that therefore the "exclusion" of any particular prisoner from the earning or application of said credits must be predicated on Due Process and an individual determination under the Supreme Court's binding precedent as stated above. As such, this Court should find that Cobb has satisfied his burden to show that the Time Credits are the liberty interest which must be preserved in the instant case.

Thusly, the Time Credits are due to be considered a statutorily created liberty interest. And denial of access to a statutorily created liberty interest without individual determinations has been declared a violation of Due Process - see e.g. Kwong Hai Chew v Golding, 344 US 590, 73 S.Ct. 472, 97 L.Ed. 576 (1953); Kentucky Dep't of Corrections v Thompson, 490 US 545, 462-63 (1989) (citing Hewitt v Helms, 459 US 460, 471-

72 (1983) and <u>Board of Pardons v Allen</u>, 482 US 369, 377-78 (1987)); and <u>Olim v Wakinekona</u>, 461 US 238, 249 (1983) (stating that so long as an exclusion advances a legitimate governmental interest, it is valid).

Here, the Respondent cannot show that the exclusions in subparagraph (D) advance any legitimate governmental interest. This is because the Time Credits are what advances a legitimate governmental interest to rehabilitate and successfully reintegrate former offenders back into society; as opposed to the exclusions - which are based solely upon one Senator's demand to declare entire categories of people "unredeemable" based merely upon their statute of conviction. Notably, the legislative history will bear out the fact that the exclusions are unconstitutional (see below). Congress used absolutely mandatory language concerning the earning <u>and</u> the application of the Time Credits, therefore, this Court should find that the Time Credits themselves are a "protected liberty interest" granted by federal statute - <u>Olim</u>, 461 US at 249 ("an inmate must show that particularized standards or criteria guide the State's decisionmakers" (quoting <u>Connecticut Board of Pardons v Dumschat</u>, 452 US 458, 467 (1981))).

B) Discretion Does Not Enter The Picture Until <u>After</u> The Time Credits Are Awarded.

The First Step Act grants three options for the BOP's discretion **after** the Time Credits are awarded, not **while** awarding them, or **before** applying them to a prisoner's sentence - as such, any determination that what the Bureau is allowed to decide after the Time Credits are applied to a sentence very much "places the cart before the horse" on this issue. Subchapter (d)(4) mandates that "prerelease" custody come first, then subchapter (g)(3) allows for the Director of the BOP to utilize discretion for the final 12 months of a prisoner's sentence - but even that subsection commands: "based on the application of time credits under section 3632." So clearly Congress intended for the **earning** and **application** of the <u>Time Credits</u> to be <u>mandatory</u>, then **after** the credits are awarded, the Bureau gains a discretionary choice of whether to place the prisoner in home confinement or halfway house, or - if the remaining sentence is 12 months or less, directly to supervised release. As most inmates (including Cobb) will have enough credits to exceed the 12 month limitation on the Bureau's discretion; then the actual statutory command is that the prisoner be placed in "prerelease custody" and that much is mandatory. Therefore this Court should find that Cobb has demonstrated enough to establish a live "case" or "controvers[y]", and that §3632(d) creates a liberty interest in "prerelease custody" that supercedes the generalized application of "prerelease custody" found in 18 USC § 3621(b). As such, this Court should find that 18 USC § 3632(d) removes any "discretionary" function of the BOP concerning whether or not to place a prisoner in "prerelease custody."

Accordningly, after the FSA of 2018, prisoners now have a liberty interest in Time Credits which grants a liberty interest in "prerelease custody."

C) The First Step Act of 2018's List of Exclusions - Codified as 18 USC § 3632 (d)(4)(D) - Is Based Upon A Set of False Premises

The legislative history of the First Step Act of 2018 reveals conflicting purposes in relation to the Time Credits and the exclusion by category of the ability to earn said credits. First, Congress created in the FSA a system of "Time Credits" to encourage inmates to participate in the particular programming needed by them (individually) as indicated by their PATTERN Assessment - see 18 USC § 3632(d). Yet, second, the statute provides exclusion to earning said Time Credits, based upon categorical exclusions that lack any sort of individual assessment, as those who **are** eligible to earn said credits receive as referenced above. This categorical exclusion creates a "second class" of prisoner as ruled unconstitutional in <u>Cleveland Bd. of Educ. v LaFluer</u>, 414 US 632, 94 S.Ct. 791, 39 L.Ed 2d 181 (1974) - which was the intent of Senator Tom Cotton in his demands for the exclusions. See Sen. T.Cotton (R-Ark); National Review Op-Ed: "Fix The First Step Act And Keep Violent Criminals Behind Bars" (Dec 17, 2018); available at https://www.cotton.senate.gov/news/op-eds/cotton-op-ed-in-national-review-and-145fix-the-first-step-act-and-keep-violent-criminals-behind-bars-and-146

In this op-ed, Senator Cotton complains that only extremely long sentences can deter crime and states that: "...One of the best predictors of having committed a crime in the future is having committed a crime in the past."

This statement expresses a clear intent that those on the list of exclusions are not worthy of, and are not capable of, rehabilitation; and therefore should not be allowed to earn the same incentives as those who are not on the list (and therefore deemed capable of rehabilitation). Further, the complaints of Senator Cotton were heard and adopted by both chambers of Congress, as can be seen in the Senate Judiciary Committee's announcement that the amendments and specifically the exclusions were placed in the First Step Act "to address concerns by certain parties [like Senator Cotton], exclusions from Time Credits was placed in the FSA of 2018" - available online at: https://www.judiciary.senate.gov/imo/media/doc/2018-11-15%20-%20Revised%20First%20Step%20Act%20-%20Summary.pdf

In this Revised Summary, posted in response to Senator Cotton's complaints, this Court can see that the exclusions were placed as an appeasement to the assertions that those convicted of an offense listed should not be allowed to be incentivised in an equal manner as they are not redeemable as a category. A premise that is demonstrably false, as can be seen in Cobb's "evidence based" (by statutory command) PATTERN Score level (Exhibit 1, p 3). In support of his argument, Senator Cotton presented the case of Richard Crawford, stating: "Crawford was sentenced to nearly 11 years in federal prison, but the statute he

was convicted under does not appear in First Step's 'ineligible prisoners' list...". This use of categorical exclusions based upon only a single example is exactly what the Supreme Court has declared to be a violation of Due Process under the "irrebuttable presumption" doctrine. The false presumption here is that any and all persons convicted of any disqualifying offense will necessarily equate with the worst offender who has also been convicted of a disqualifying offense. In other words, that the opposite finding for the reasons presented in section (d) should be applied to persons convicted of an enumerated offense (such as Cobb) categorically, not individually - as an "eligible" prisoner's evaluation is; which is an Equal Treatment Under The Law claim (also an "irrebuttable presumption" issue). In addition to this, many of the crimes excluded categorically from earning Time Credits have lower recidivism rates than those which are not excluded - compare recidivism rates among various crime categories as listed in the Department of Justice's "First Step Act Annual Report" from April 2022 (included here as Exhibit 3). On page 54, there is a chart that lists recidivism rates by broad category. As can be seen, drug crimes (which make up the majority of eligible prisoners) have a rate of 15.4%, but Fraud crimes have a recidivism rate of only 4.5%, and are excluded by statute from earning the Time Credits (see §3632(d)(4)(D)(xxiii)). This holds true for Cobb's offense of conviction as well, §2252A offenders have a recidivism rate of 11.2% (excluding petty violations of supervised release/probation) - see United States Sentencing Commission June 2021 Report "Federal Sentencing of Child Pornography Non-Production Offenses", figure 31 (included as Exhibit 4); <u>and</u> Cobb's own PATTERN Score shows that were he to receive the same individual evaluation as an "eligible" prisoner, he would have been earning the full 15 days for every 30 since the program's inception, as he has been assessed at "low" likelihood of reoffending under this "evidence based" program (Exhibit 1, p3). In addition to this, the same page of the DOJ's Report (Exhibit 3, p 54, chart 2) shows that the longest sentences do not have a substantially different rate of recidivism. Among various lengths of sentences, there is only a difference of 7.7%. It is unreasonable, therefore, to say that longer sentences deter future crimes, as well as being a "false presumption."

    The PATTERN Score has been determined "effective at distinguishing recidivists and non-recidivists" according to the DOJ's April 2022 Report (Exhibit 3, p 10, also generally pp 8-17). Accordingly, this Court should find that, if an individualized assessment were performed via the criteria described in the First Step Act for those not disqualified, Cobb would earn Time Credits making the "irrebuttable presumption" underlying the exclusions a violation of Due Process and Equal Treatment. As such, this Court should declare the list of exclusions found in subsction (D) unconstitutional.

D) Irrebuttable Presumptions Are Unconstitutional When Based upon a False Premise

A long line of Supreme Court precedent has invalidated many forms of irrebuttable presumptions contained in both statutes and policies that deny persons important interests - see e.g <u>Turner v Dep't of Employment Security</u>, 423 US 44, 96 S.Ct. 249, 46 L.Ed 2d 181 (1975); <u>Cleveland Bd. of Educ. v LaFluer</u>, 414 US 632, 94 S.Ct. 791, 39 L.Ed 2d 52 (1974); <u>Vlandis v Kline</u>, 412 US 441 (1973); <u>Stanley v Illinois</u>, 405 US 645 (1972); <u>Bell v Burson</u>, 402 US 535 (1971); applying this doctrine when the private interests are important and the governmental interests are based upon a false premise - see <u>LaFluer</u>, supra 414 US at 647: "convenience alone is insufficient to make valid what otherwise is a violation of due process law."

The reason that this is an unconstitutional practice is that there is no reasonable opportunity to demonstrate that the premise is false as applied to any individual as opposed to the category which is denied the benefit in question (in this instance, access to the liberty interest granted by the Time Credits) - see <u>Gurmankin v Constanzo</u>, 556 F.2d 184, 187 n. 5 (3d Cir 1977); <u>Board of Pardons v Allen</u>, 482 US 369, 377 (1987); <u>Kentucky Dep't of Corr. v Thompson</u>, 490 US 454, 463 (1989); and <u>Olim v Wakinekona</u>, 461 US 238, 249 (1983).

As such, the facial constitutionality of the First Step Act of 2018's exclusions rests on 1) whether the premise that the exclusions are based on is true or false (they are false); and 2) whether there is a reasonable opportunity to rebut said presumptions in individual cases (there is not). Accordingly, this Court should find that the list of exclusions fails the test for facial constitutionality on Due Process and Equal Protection grounds, and that the specific exclusion as applied to Cobb fails for the same reasons and in the same manner.

As previously stated, the exclusions are based primarily on Senator Cotton's unsupported (and contradicted by the very data gathering that he insisted be included in the FSA) assertions that only extremely long sentences can deter recidivism (see Sen. Cotton's Op-Ed, as cited previously), and his insistence that those excluded are irredeemable (see <u>Id</u>). These assertions are contradicted by the data as gathered by both the Sentencing Commission (Exhibit 4) and the very data that Senator Cotton demanded the DOJ include in its FSA Reports (Exhibit 3, p 54, charts 1 and 2, and p 55, chart 3) - the highest recidivism by sentence length, both imposed and actually served, is in the 11-15 year range. And the data for "more than 15 years" is likely skewed due to life sentences' functional inability to recidivate; as the definition of recidivate necessarily includes release prior to reoffending (at least as explained in the DOJ's April 2022 Report).

Since the presumptions involved here are often contrary to fact, it necessarily violates Due Process - <u>United States Department of Agriculture v Murry</u>, 413 US 508, 512, 514 (1973).

E) The Exclusions Themselves Also Violate Equal Treatment Principles

The list of exclusions is based on current offenses - see 18 USC § 3632(d)(4)(D) "INELIGIBLE PRISONERS. - A prisoner is ineligible to receive time credits under this paragraph if the prisoner **is serving** a sentence for a conviction under any of the following provisions of law..." (emphasis added).

This means, necessarily, that should a prisoner have served a previous sentence for a disqualifying offense, be released, then return under a new sentence for an eligible offense, that person - deemed "irredeemable" previously (as Cobb has been) as an ineligible prisoner, will suddenly, despite such, be deemed eligible and "worthy" of redemption. This implicates Equal Protection Under the Law; and has already been applied in at least two cases that Cobb knows of - that of Robert Dietrich (# 03412-027) and Clay McCauley (# 26611-057). In both instances, these individuals had previously been classified as ineligible due to disqualifying prior offenses - but have both now been deemed "eligible" due to the fact that the FSA exclusions are only for current offenses. This places both in a "similarly situated" status with Cobb due to "disqualifying" offenses, yet both are now "eligible" for the time credits despite their previous "irredeemablity" according to the reasoning of Senator Cotton's Op-Ed. This non-sensical classification system should, therefore, be seen as a violation of Equal Treatment Principles. These Principles are to be applied under "strict scrutiny" - see <u>Stanley v Illinois</u>, 405 US 645, 649 (1972); see also <u>LaFluer</u>, 414 US at 653 (Powell, J., concurring).

As such, this Court should find that Equal Protection is violated under these Exclusions as well.

CONCLUSION

Irrebuttable presumptions when based on untrue premises are, according to binding Supreme Court caselaw, an Unconstitutional practice; as they violate Due Process and Equal Protection - unless there is an individualized assessment for exceptions. As there is no individualized assessment for excluded prisoners in association with the Time Credits, that portion of the First Step Act of 2018 should be declared Unconstitutional on its face; as there is no set of circumstances that can save the exclusions from being Unconstitutional. The awarding and application of the Time Credits described in the First Step Act of 2018 are **mandatory**, and as such, under binding Supreme Court caselaw, any exclusions from their awarding and application must be predicated on Due Process as outlined in the foregoing Petition. These are the stated reasons for the "irrebuttable presumption" doctrine, and thusly this Court should find that said doctrine applies in this instance. Accordingly, I Christopher Cobb, hereby pray for the relief of a Writ of Habeas Corpus which declares the list of exclusions found in 18 USC § 3632(d)(4)(D), and/or the specific exclusion found in subsection (xli)) to be Unconstitutional as applied to Cobb, or any relief this Court sees fit to provide; and swear under penalty of perjury that the foregoing is both true and accurate, to the best of my knowledge.

Respectfully Submitted,

_____          1-9-2023
Christopher Cobb                        DateCertificate of Service

Certificate of Service

I, Christopher Cobb, hereby swear under penalty of perjury that the foregoing was placed in the hands of the FSL Jesup Legal Mail Representative on ___1-9-2023___ and that a true and correct copy of same was placed in the prison's internal mailing system addressed to Respondent at the same time.

Respectfully Submitted,

_____          ___1-9-2023___
Christopher Cobb                         Date

Christopher D Cobb #37691-051
Federal Satellite Low ° 2680 US Hwy 301 South
Jesup ° Georgia ° 31599

Date: Jan. 4, 2023

re: Filing Fee for Accompanying Petition

cc: Clerk of Court

Dear Clerk of Court,

   I am an incarcerated Pro Se party, presenting the accompanying Petition for a Writ of Habeas Corpus under 28 USC § 2241. Due to the fact that it takes as long as a month to process funds out of my inmate account, I have not included the filing fee with this Petition and letter. I will be having my mother, Renee Cobb, calling your Office within a week of me receiving the Civil Action number assigned to this case for the purpose of paying the filing fee.
   Please inform me of the number to be assigned in this case, via Notice sent to the above listed address, so that I may settle the fee as soon as possible.

Thank You For Your Assistance,

_____
Christopher D Cobb

Christopher D. Cobb #37691-051
Federal Satellite Low
2680 US Hwy 301 South
Jesup, GA 31599

Legal Mail

U.S. District Court
801 Gloucester Street
Brunswick, GA 31520
C/O: Clerk of Court










