# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

CHRISTOPHER D. COBB,

      Petitioner,

  v.

JEFFRY FIKES,

      Respondent.

2:23-cv-8

## ORDER

Petitioner Christopher Cobb ("Cobb") filed the present Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. No. 1. After remand, the Magistrate Judge issued a Report and Recommendation that the Court dismiss Cobb's Petition for lack of standing. Dkt. No. 47. Cobb filed Objections to the Report and Recommendation, dkt. no. 49. For the reasons explained herein, I **OVERRULE** Cobb's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Dkt. No. 47. The Court **GRANTS** Respondent's Motion to Dismiss and **DISMISSES** Cobb's Petition. Dkt. Nos. 1, 7.

In his Objections, Cobb makes several arguments. Cobb argues that the Magistrate Judge misstates the record and that he (Cobb) had and was participating in qualifying EBRR/PA programming at the

time of filing his Petition.[1]  Cobb also argues that the Magistrate Judge improperly uses a regulation to defeat standing.  Cobb further contends that he participated in "UNICOR/Institutional work which earns FTCs under the statute[]" or that he requested placement in qualifying programs.  Cobb contends that standing only requires he had earned credits, not that they may be applied. Cobb also contends that the Magistrate Judge misapplies redressability by conflating the right to earn credits with the right to apply them.  Finally, Cobb contends that he has standing under the equal protection "barrier" theory.  Cobb summarizes his Objections by arguing that the Eleventh Circuit's mandate requires a "proper standing analysis" but that the Magistrate Judge avoids the merits of standing.  Id. at 14.

## DISCUSSION

Cobb argues he has standing for two reasons.  First, he contends that he has standing to assert his claims because he has been exposed to additional prison time based on 18 U.S.C. § 3632(d)(4)'s exclusion of certain inmates from the ability to earn First Step Credit ("FSA") credits.  Second, Cobb contends that § 3632(d)(4)(D) violates his equal protection rights and that unequal treatment—regardless of the effect on Cobb—provides a

---

[1] Evidence-based recidivism reduction ("EBRR") and productive activities ("PA").

basis for standing.  Respondent contends that Cobb lacks standing under either theory.

## I.   Cobb Has Not Completed or Successfully Participated in EBRR Programs

Cobb objects to the Magistrate Judge's conclusion that he had not participated in the programs that would qualify him for FSA relief, even if § 3632(d)(4)(D)(xli) and (xlii) did not exclude him.  Cobb claims he is and was participating in qualifying EBRR/PA programming at the time he filed his Petition and that the relevant regulations should not be considered.  Dkt. No. 49 at 2, 4-7.

The Magistrate Judge already considered Cobb's attacks on the regulations and explains that "an eligible inmate must participate in EBRR programs or PAs that the BOP has recommended based on the inmates individualized risk and needs assessment."  Dkt. No. 47 at 11.  Since Cobb did not participate in the EBRR programs or PAs that the BOP recommended, he has not shown that he satisfied the requirements for earning FTCs.  Id.  Cobb has not responded to the Magistrate Judge's conclusion, except to reargue the same flawed premise.[2]

---

[2]  Without citing any authority, Cobb also argues that the statute does not require BOP approval or assignment; it requires only participation or *attempted* participation.  Dkt. No. 49 at 3 (emphasis added).  Cobb asserts that he "requested NRDAP placement before filing" his Petition, but "[s]taff failed to document the request," and he therefore "attempted" participation.  Id.  Cobb provides no evidentiary support for this claim.  Cobb's unsupported and conclusory allegations are insufficient to prove standing.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 561(1992) ("[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,*

For the reasons the Magistrate Judge explains, Cobb's arguments that he earned FTCs and, thus, has standing to bring his claim are meritless. The Court **OVERRULES** this portion of Cobb's Objections.

## II. The Magistrate Judge Does Not Conflate the Right to Earn Credits with the Right to Apply Credits

Cobb's next Objection is that the Magistrate Judge improperly conflates the right to earn credits with the right to apply them. Dkt. No. 49 at 7. Cobb claims the "statute therefore imposes a mandatory duty on the BOP to apply earned credits before any discretionary determination is made." Id. Cobb contends that the Magistrate Judge only analyzed whether he (Cobb) was entitled to apply credits to his sentence and did not analyze whether he was entitled to earn credits. Id.

Cobb's Objection is meritless. The Magistrate Judge expressly addresses both issues: whether Cobb earned credits and whether Cobb was eligible to apply those credits to his sentence. See Dkt. No. 47 at 11–12. The Magistrate Judge correctly explains that the evidence in the record shows that Cobb had not participated in assigned EBRRs at the time he filed his Petition, and, therefore, he had not taken the necessary steps to earn credits before filing his Petition. Id. After discussing Cobb's

---

with the manner and degree of evidence required at the successive stages of the litigation.").

failure to participate in assigned EBRRs, the Magistrate Judge then explains, in the alternative, that by Cobb's own allegations, he was not entitled to have earned credits applied to his sentence, regardless of whether the credits were for assigned EBRRs. This conclusion provided a separate, additional basis for concluding that Cobb's injury was not redressable at the time he filed his Petition. Therefore, Cobb is simply incorrect about the Magistrate Judge's analysis. I **OVERRULE** this portion of Cobb's Objections.

## III. Cobb Has Not Shown Likelihood of Future Injury

Cobb next argues that the Magistrate Judge ignores the likelihood of future injury. Dkt. No. 49 at 10. Cobb states that because he now serving a term of lifetime supervised release, it is "inevitable" that at some point, he will commit a "technical violation—whether minor, inadvertent, or unavoidable—triggering a revocation proceeding." Id. at 11. Cobb complains that, if he is revoked, which he claims is likely, "the statute requires that any previously earned credits must be applied to reduce the resulting term of imprisonment." Id. at 12. Stated differently, Cobb argues it is likely that his supervised release will be revoked in the future and that his credits should then be applied to the revocation sentence, and this constitutes a sufficient injury for standing purposes. Cobb complains that the Magistrate Judge fails to consider this likelihood of future injury.

5

Cobb's Objection is unconvincing. Cobb's Objection concerns the injury-in-fact requirement for standing. The Magistrate Judge recommends dismissal based on the lack of redressability, which is a separate standing requirement. The Magistrate Judge rejects Respondent's injury-in-fact argument, and assumes, at least for the sake of argument, that Cobb had alleged an injury in fact. Dkt. No. 47 at 10 ("[E]ven if Cobb had alleged an injury in fact related to § 3632(d)(4)(D)'s exclusions, his injury was not redressable by judicial relief at the time he filed his Petition."). Thus, Cobb's Objection is not responsive to the Magistrate Judge's analysis.

Furthermore, the Magistrate Judge acknowledges in a footnote that to establish standing, Cobb would need to show an injury in fact and that an imminent future injury would be sufficient. Id. at n.4. The Magistrate Judge notes that Cobb had not shown any imminent injury. Id. Even considering Cobb's argument in his Objections about a future supervised release revocation—an argument Cobb does not make until his Objections—Cobb still fails to demonstrate any imminent future injury. Cobb has not shown, with any degree of certainly, that he will violate his supervised release, that his supervised release will be revoked, or that he will be sentenced on that revocation. Moreover, the hypothetical future injury Cobb describes would be exclusively the result of his own actions. Therefore, he has not shown a likelihood that he

will be injured by the statute's application.  Cobb merely argues that he may be injured by his own actions in the future.  Thus, I **OVERRULE** Cobb's Objections on this theory.

## IV.  Cobb Has Not Shown Standing Under the Equal Protection "Barrier Theory"

Cobb's second theory of standing is that under the standard articulated in Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville ("Northeast Florida"), 508 U.S. 656 (1993), he was injured when the "'government erect[ed] a barrier that ma[de] it more difficult' for him to 'obtain a benefit than it is for members of another group.'"  Dkt. No. 49 at 13.  Cobb states that the Magistrate Judge "misapplies this doctrine by requiring Petitioner to show he would have earned credits immediately.  That is not the standard."  Id.

The Magistrate Judge relies on Northeast Florida to conclude that Cobb has not shown he was able and ready to pursue the opportunity which he believes has been denied.  Dkt. No. 47 at 15 (citing Ne. Fla., 508 U.S. at 666).  The Court concurs with the Magistrate Judge's analysis.  Cobb has not shown a concrete and particularized injury which was actual or imminent and, therefore, he cannot establish standing under his equal protection barrier theory.  Thus, the Court **OVERRULES** Cobb's Objection on this theory.

7

**V.    The Magistrate Judge Does Not Avoid the Merits**

Cobb concludes his Objections by arguing the Magistrate Judge avoids the merits of the standing inquiry the Eleventh Circuit mandated by: relying on a regulation that contradicts the statute; making factual findings contradicted by the record; and using a redressability standard inconsistent with binding Supreme Court and Eleventh Circuit precedent. Dkt. No. 49 at 14.

Cobb's argument is unconvincing.  The Magistrate Judge thoroughly discusses the requirements for Cobb to earn and apply credits under the FSA and implementing regulations.  Dkt. No. 47 at 9-12.  The Magistrate Judge expressly considers Cobb's challenge to the applicable regulation and correctly rejects it.  Id. at 12-13.  After de novo review, the Court concludes that the Magistrate Judge properly considers the merits of standing and does not err in concluding that Cobb fails to prove it.  Cobb's Objections do not overcome the Magistrate Judge's findings.

CONCLUSION

After an independent and de novo review of the entire record, the Court **OVERRULES** Cobb's Objections and **CONCURS with** and **ADOPTS** the Magistrate Judge's Report and Recommendation, dkt. no. 47, as supplemented herein, as the opinion of the Court.   I **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Cobb's Petition. Dkt. Nos. 1, 7.  The Court **DENIES** Cobb's presumed renewed Motion for Injunctive Relief.  Dkt. No. 11.  I **DIRECT** the

Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Cobb *in forma pauperis* status on appeal.

 **SO ORDERED**, this 30 day of March, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA